IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE
2026 OCT 28 A 10: 14
U.S. DISTRICT COURT
DISTRICT OF MASS.

HARRISON COPLEY MAYOTTE,

Plaintiff,

v.

TOWN OF TOWNSEND, MASSACHUSETTS
Defendant.

Case No. _______________

---

**EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND EXPEDITED HEARING**

**REQUEST FOR EMERGENCY RELIEF UNDER FED. R. CIV. P. 65**

Plaintiff Harrison C. Mayotte moves under Fed. R. Civ. P. 65 for immediate preservation of the salary and elected office threatened by Articles 1, 2, and 3 of Townsend's signed October 26, 2026 Special Town Meeting warrant. The warrant schedules a November 10 vote on a proposal to reduce his full FY2027 salary and collect the difference from the remaining biweekly checks. The Select Board itself sponsors an alternative that would permit ending his current elected term. Comp. Ex. A, at 1-2, 4.

**RELIEF REQUESTED**

1. Immediately restrain Townsend and persons bound by Fed. R. Civ. P. 65(d)(2) from implementing Article 2 by reducing, recouping, or withholding any part of the existing gross biweekly compensation for Plaintiff's elected Clerk service pending an expedited hearing and further order.

2. Prohibit an Article 1 appropriation transfer that would leave funds unavailable to discharge compensation lawfully due at the existing rate during the injunction.
3. Preserve Plaintiff's current elected term against any executive action to declare a vacancy, swear in a successor, or terminate his incumbent service pursuant to the proposed Section 5 of Article 3, and require advance notice of any contemplated successor action.
4. Order Defendant Town of Townsend to disclose within two business days the certified FY2027 salary vote, existing gross biweekly rate, evidence of the FY2027 tax rate's current status and projected rate-setting schedule, any operative motions proposed under Articles 1-3, and written plans for payroll or successor implementation.
5. Set the preliminary-injunction motion for a prompt noticed hearing before the first pay period threatened by implementation, and direct expedited briefing suited to the November 10 meeting date.

## GROUNDS

The First Amendment protects petitioning and public criticism from materially adverse governmental retaliation. *Perry v. Sindermann*, 408 U.S. 593, 597-98 (1972); *Miller v. Town of Hull*, 878 F.2d 523, 532-35 (1st Cir. 1989). A sufficiently concrete official threat can itself be an adverse act. *Berge v. Sch. Comm. of Gloucester*, 107 F.4th 33 (1st Cir. 2024). A court may prevent threatened First Amendment harm before discharge or comparable action is complete. *Elrod v. Burns*, 427 U.S. 347, 373-74 (1976).

At the October 14 public meeting, and multiple times before this meeting, a petitioner described legal expenses from Mayotte's lawsuits as the basis for reducing his personal salary. Defendant Town of Townsend's Town Administrator Kieran Meehan then offered municipal financial calculation and presentation for that proposed reduction. The signed warrant advanced the salary proposal to a November 10 vote. Article 2 permits implementation beginning with the

first full pay period after the meeting and reaches the entire fiscal year through a catch-up adjustment. The Tax Rate for FY2027 remains unset. That fact makes a qualifying § 108 vote a live prospect and it heightens the need for judicial attention before payroll changes.

Article 3 is not a citizen-submitted provision. It expressly bears the Select Board's sponsorship on the warrant signed by all three Board members, and it would permit ending the Clerk's existing elected term following state enactment and successor appointment. The Town's official sponsorship and the separate financial proposal are relevant to the cumulative objective character and purpose of the challenged conduct.

Plaintiff supports this motion with his declaration, the signed warrant, and the accompanying memorandum. The proposed order preserves compensation and tenure at the executive implementation stage. It states precise obligations and an expedited schedule, while allowing Town Meeting and the General Court to exercise their independent legislative functions.

## REQUEST FOR ORAL ARGUMENT

Plaintiff requests a hearing at the earliest available date because Town Meeting is scheduled for November 10, 2026 and Article 2 contemplates a payroll change beginning in the first full pay period thereafter.

## CERTIFICATION UNDER D. MASS. L.R. 7.1(a)(2)

On October 14th, 23rd, 24th, and 28th, I attempted in good faith to confer with counsel for Townsend regarding the relief requested. The result of that effort was unsuccessful.

## CERTIFICATE OF SERVICE

I certify that on October 28th, 2026, I served this motion and supporting papers on Defendant Town of Townsend by hand delivery.

Dated: October 28th, 2026

/s/ HARRISON COPLEY MAYOTTE

Harrison Copley Mayotte

P.O. Box 6

Townsend, MA 01469

Email: harrison@harrisonmayotte.com

litigation@harrisonmayotte.com

*Pro se plaintiff*