IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE
2026 OCT 28 A 10: 16
U.S. DISTRICT COURT
DISTRICT OF MASS.

| | | |
|---|---|---|
| HARRISON COPLEY MAYOTTE,<br><br>Plaintiff,<br><br>v.<br><br>TOWN OF TOWNSEND, MASSACHUSETTS<br>Defendant. | ) | Case No. _______________ |

## DECLARATION OF HARRISON C. MAYOTTE

### 28 U.S.C. § 1746

I, Harrison C. Mayotte, declare on personal knowledge and on my review of the identified public records as follows:

1. I reside in Townsend, Massachusetts, and serve as its independently elected Town Clerk during my current three-year term. I receive compensation in regular biweekly installments for performing that office.
2. I have brought judicial and administrative proceedings, as well as spoke on matters of public concern, concerning Townsend elections, records access, and government accountability. On October 6, 2026, I filed Middlesex Superior Court Civil Action No. 2681CV02668 in my individual capacity concerning Town Hall security-camera records. I intend to continue petitioning governmental authorities and speaking about Town affairs.
3. I examined the five-page Special Town Meeting warrant dated October 26, 2026, signed by all three Select Board members, and its October 27 return of posting. It calls a Special

Town Meeting for November 10, 2026, at 7:00 p.m. at North Middlesex Regional High School. Complaint Exhibit A is the copy I reviewed.

4. Article 1 proposes transferring money from the FY2027 Town Clerk Salary appropriation to the FY2027 Legal Expenses appropriation. Article 2 proposes reducing my total annual salary for all of FY2027 and collecting the reduction from the remaining biweekly payments beginning with the first full pay period after Town Meeting. The warrant identifies both measures as citizens' petitions.

5. I have performed the duties of Clerk and received regular salary installments since FY2027 began on July 1, 2026. Article 2 proposes to adjust the full fiscal year's salary through the installments remaining after November 10, although I have already performed months of work during that fiscal year.

6. As of October 28, 2026, the Town has not established its FY2027 tax rate.

7. I reviewed a transcript of the October 14, 2026 Select Board meeting. During the meeting, citizen petitioner Dawn Priest identified actual legal fees as the proposed measure of a reduction in my personal Clerk salary. Town Administrator Kieran Meehan offered to prepare an accounting for voters. He later discussed presenting the figures in a table or slide.

8. I also reviewed Meehan's October 9, 2026 official public statement, which identified lawsuits I had filed and attributed legal expenses to those proceedings. At the October 14 meeting, litigation-related expenses were then identified as the proposed amount of a reduction in my compensation.

9. The amount of the proposed reduction was to be supplied by an accounting, rather than by a fixed amount announced at the meeting. Under the method described publicly, additional

litigation-related expenses could increase the proposed amount to be taken from my salary.

10. That link creates pressure on me now. When I decide whether to file or continue a petition concerning Town conduct, I must consider that the expense of pursuing it could be included in the figure used to reduce my personal pay. I have continued seeking redress, but the proposed financial consequence weighs on my decisions about further exercise of rights secured under the Constitution.

11. The timing intensifies that pressure. The signed warrant places the salary measures before voters on November 10, and Article 2 proposes adjustments beginning with the first full pay period thereafter. I must make decisions about exercising my rights now, while this proposed pay reduction is pending.

12. Article 3, expressly identified in the warrant as submitted by the Select Board, proposes converting the Clerk to an appointed office. Section 5 would terminate my current elected term upon appointment of a successor after effectiveness of the special act. That separate, Board-sponsored mechanism adds to the pressure I experience in deciding whether to continue challenging the government.

13. I remain the elected Town Clerk and continue receiving my existing compensation. I seek protection of that compensation and my elected term while the Court determines the legality of implementing the challenged measures. I intend to continue exercising my rights to speak and petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 28th, 2026 at 8:00 AM.

/s/ HARRISON COPLEY MAYOTTE

Harrison C. Mayotte