IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE
2026 OCT 28 A 10: 16
U.S. DISTRICT COURT
DISTRICT OF MASS.

| | | |
|---|---|---|
| HARRISON COPLEY MAYOTTE,<br><br>Plaintiff,<br><br>v.<br><br>TOWN OF TOWNSEND, MASSACHUSETTS<br>Defendant. | ) | Case No. ______________ |

## [PROPOSED] TEMPORARY RESTRAINING ORDER AND ORDER SETTING EXPEDITED HEARING

Upon the emergency motion, supporting memorandum, declaration, and signed October 26, 2026 Special Town Meeting warrant, and having considered Fed. R. Civ. P. 65, the Court finds that a short, specific preservation order is necessary to maintain the existing compensation and elected-office status while the parties address the challenged measures. The Special Town Meeting is scheduled for November 10, 2026. Article 2 provides for collecting a reduction of full-FY2027 salary from the pay periods remaining after the meeting, Article 1 concerns the appropriation funding that compensation, and Article 3 is expressly sponsored by the Select Board and concerns termination of the incumbent term following successor appointment.

**IT IS ORDERED:**

1. ARTICLE 2, PAYROLL. Defendant Town of Townsend, its officers, agents, employees, and persons in active concert or participation with it who receive actual notice of this Order under Fed. R. Civ. P. 65(d)(2) shall not, during the effective period of this Order, reduce, recoup, offset, or withhold any portion of the gross biweekly compensation

otherwise legally due to Harrison C. Mayotte for his current service as elected Town Clerk by reason of Article 2 of the October 26, 2026 warrant. The rate protected is the gross biweekly rate lawfully in effect on the date this Order enters. Deductions independently required by law may continue.

2. ARTICLE 1, SALARY APPROPRIATION. During this Order, Defendant shall not implement a transfer under Article 1 from the FY2027 Clerk Salary appropriation to FY2027 Legal Expenses that would leave the Town without sufficient appropriated authority or available funds to satisfy the compensation protected by paragraph 1. The Town remains free to carry out fiscal actions that do not impair the salary obligation preserved by this Order.

3. ARTICLE 3, EXECUTIVE SUCCESSOR ACTION. During this Order, Defendant shall not invoke Section 5 of the special act described in Article 3 to declare Mayotte's current elected term terminated, declare his office vacant on that basis, swear in or install a successor to displace him, or complete another executive action effecting his premature displacement under that provision.

4. PRODUCTION OF OPERATIVE RECORDS. Within two business days after entry, Defendant shall provide Plaintiff with and file: (a) the certified Town Meeting vote establishing the elected Clerk's FY2027 salary; (b) the currently applicable gross biweekly rate and payment schedule; (c) the official record showing that the FY2027 tax rate has not been established and the Town's projected date of establishment; (d) available operative motions to be offered under Articles 1, 2, and 3; and (e) any written payroll, appropriation-transfer, or successor-appointment implementation instructions.

5. REPORT AFTER NOVEMBER 10. By 5:00 p.m. Eastern time on the first business day following the Special Town Meeting, Defendant shall file and serve the actual text and

vote totals for all motions considered under Articles 1, 2, and 3 and identify each contemplated pay or tenure implementation date.

6. ADVANCE NOTICE. Defendant shall provide Plaintiff and the Court at least 48 hours' written notice before undertaking a payroll reduction, appropriation transfer impairing compensation, or successor-appointment action under the identified articles. Any party may request a prompt modification of this Order on a substantiated record.

7. HEARING AND BRIEFING. The Court sets a preliminary-injunction hearing for __________________ at __________ Eastern time. Defendant shall file opposition by __________________. Plaintiff may file a reply by __________________. The Court may modify this schedule by further order.

8. SECURITY, SERVICE, AND EXPIRATION. Security under Fed. R. Civ. P. 65(c) is fixed at $100, subject to further order. This Order becomes effective upon entry and satisfaction of any security requirement and expires 14 days after entry unless extended under Fed. R. Civ. P. 65(b)(2), replaced by a preliminary injunction, or dissolved earlier. Plaintiff shall promptly serve this Order on Defendant in a manner authorized by law.

**SO ORDERED.**

Entered: ____________________ at __________ Eastern time

Expires: ____________________ at __________ Eastern time

______________________________________
United States District Judge